WILLIAMS, J.
hThe defendant, Thurman L. Boyd, Jr., was charged by bill of information with the following: illegal carrying of a weapon while in possession of a controlled dangerous substance (“CDS”), namely cocaine, a violation of LSA-R.S. 14:95(E); possession with intent to distribute a Schedule II CDS (cocaine), a violation of LSA-R.S. 40:967(A)(1); and possession with intent to distribute a Schedule I CDS (marijuana), a violation of LSA-R.S. 40:966(A)(1). Based on an agreement with the State, the defendant pled guilty to possession with intent to distribute a Schedule II CDS (cocaine) and illegal possession of a firearm by a convicted felon. Subsequently, the defendant was sentenced on the drug conviction to serve 30 years in prison at hard labor, with the first two years to be served without benefit of probation, parole or suspension of sentence. With regard to the firearm conviction, he was sentenced to serve 10 years at hard labor without benefit of probation, parole or suspension of sentence. The court also ordered the defendant to pay fines in the amount of $5,000 *954 for each conviction and court costs. The sentences, including the fines and court costs, were ordered to be served concurrently. Thereafter, the district court denied the defendant’s application for post-conviction relief and motion to vacate his sentences. For the following reasons, we affirm the defendant’s convictions and sentences.
FACTS
The defendant’s guilty pleas were made subject to a plea agreement with the State which included the sentences of 30 years and 10 years respectively. The plea agreement also required the defendant to pay the |2“standard fine” and court costs for each conviction; no set amount was agreed upon with regard to the fines and costs. In exchange for the defendant’s guilty plea, the state agreed not to initiate habitual offender proceedings and to dismiss the remaining charges against the defendant.
On appeal, the defendant’s appellate counsel filed a motion to withdraw, together with an Anders brief, alleging that there were no non-frivolous issues to raise on appeal. See, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlined the procedural history of the case and the agreement under which the defendant’s guilty plea was entered, including the agreement regarding his sentences. Appellate counsel stated that he had mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Jyles, Mouton and Benjamin, supra.
On August 2, 2011, this Court ordered appellate counsel to address the issue of the amount of the fines, stating, “[T]he amount of the fines is arguably a non-frivolous issue to raise on appeal as an excessive sentence claim.” On August 17, 2011, appellate counsel filed a supplemental brief, alleging that the sentences were excessive as his sole assignment of error.
DISCUSSION
With regard to the excessiveness of the sentences, the defendant contends the plea agreement failed to clearly define the amount of the fines, as no specific amount was mentioned when the state outlined the terms of |sthe plea agreement on the record. The defendant also argues that the imposition of a $5,000 fine for each conviction was excessive, given the length of his prison sentences. He also noted that he accepted responsibility for his actions by pleading guilty and had no history of any violent offenses.
A person convicted of possession of a firearm by a convicted felon is subject to a fine of “not less than one thousand dollars nor more than five thousand dollars.” LSA-R.S. 14:95.1(B). A person convicted of possession with intent to distribute cocaine is subject to a fine of “not more than fifty thousand dollars.” LSA-R.S. 40:967(B)(4)(b).
The defendant did not file a motion to reconsider the sentences. However, he did file a pro se motion to vacate his sentences and an application for post-conviction relief. In both filings, the defendant contested the length of the prison sentences imposed; however, he did not object to the amount of the fines.
LSA-C.Cr.P. art. 881.1 precludes a defendant from presenting sentencing arguments to the reviewing court which were not presented to the trial court. In such circumstances, the defendant is relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Masters, 37,967 (La.App.2d *955 Cir.12/17/08), 862 So.2d 1121; State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has broad discretion in sentencing offenders. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion to impose even the maximum sentence. Id.; State v. Boswell, 46,181 (La.App.2d Cir.4/13/11), 62 So.3d 874.
In the instant case, the plea agreement did not include a specified amount that the defendant would be fined for each conviction. However, during the sentencing hearing, trial counsel for the defendant did not object to the state’s assertion that the defendant would pay the “standard fine.” In fact, defense counsel expressly agreed with the state’s assertions with regard to the plea agreement. Prior to accepting the guilty plea, the trial court informed the defendant on the record that the fine for the cocaine conviction was “up to fifty thousand dollars” and the fine for the firearm conviction was “a minimum fine of one thousand and a maximum of five thousand dollars.” The defendant expressed his understanding of the amount of the fines.
After reviewing the record, we find that the trial court did not abuse its broad discretion in imposing the fines within the statutory limits. As noted above, the firearm conviction subjected the defendant to a fine of $1,000 to $5,000; the drug conviction subjected the defendant to a fine of |sup to $50,000. While the fine imposed for the firearm conviction was the maximum allowed under the statute, the fine imposed for the drug conviction was near the lower end of the sentencing range. Additionally, the fines and costs were ordered to run concurrently. Furthermore, the defendant received a substantial benefit under the terms of the plea bargain, as the state agreed not to bill him as a habitual offender and dismissed all pending charges against him. Under these facts, we find that the fines imposed are not grossly out of proportion to the seriousness of the offenses. Thus, they are not constitutionally excessive.
We have examined this record for errors patent and have found none.
CONCLUSION
For the reasons set forth herein, we affirm the defendant’s convictions and sentences.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED.