LOLLEY, J.
| defendant, Leonard Smith, appeals his conviction and sentence by the 26th Judicial District Court for the Parish of Bossier, State of Louisiana. Smith pled guilty to one count of attempted aggravated burglary, violations of La. R.S. 14:27 and 14:60.1, and he was sentenced to serve ten years’ imprisonment at hard labor. After the denial of his motion to reconsider sentence, Smith appealed. For the following reasons, we affirm his conviction and sentence.
Facts
Because Smith pled guilty, the record contains few facts regarding the offense of conviction apart from the brief recitation of facts at his plea. The bill charging him with 11 offenses was filed in April 2012 and alleged that Smith committed all of the crimes in March 2012. The offense to which he pled guilty involved Smith’s entering of an occupied dwelling while armed with a BB gun; the other dismissed aggravated burglary charges all alleged that Smith possessed various firearms during the offenses.
Smith’s Boykin colloquy was straightforward, and both the prosecutor and defense counsel stated on the record that Smith was agreeing to plead guilty in exchange for a ten-year sentence cap. After thoroughly examining Smith about his understanding of his rights and the plea generally, the trial judge engaged in this colloquy with Smith:
Court: Do you understand that the sentence that has been agreed upon between you through your attorney and the State is a ten year hard labor sentence at the most? In other words, it could be less than that; it cannot be more than that. That’s the only thing that you’re being guaranteed, do you understand that?
[gSmith: Yes, Your Honor.
*1099 Court: And do you understand I’ll order a presentence investigation in connection with this?
Smith: Yes, Your Honor.
Later, the trial judge engaged in this exchange with the defendant:
Court: Do you desire to give up your right to have an appeal to the Court of Appeal on the issue of guilt or innocence?
Smith: Yes, Your Honor.
At sentencing on November 20, 2012, the hearing opened with the statement from Smith’s attorney that the sentence was subject to a ten-year cap. The trial court then engaged in this exchange with Smith’s attorney:
Court: Upon review of the report the defendant would waive the detailed recitation of reasons in support of sentencing, especially in connection with the sentencing range agreed to at ... the time of accepting the plea, is that correct?
Defense counsel: That’s correct, Your Honor.
Court: ... The defendant is ordered to be imprisoned at hard labor for a period of ten years....
Smith did not object to the sentence. During the hearing, the trial court did not fix an extended time for Smith to file a motion to reconsider sentence.
On January 7, 2013, Smith filed a motion to reconsider sentence. The motion informed the trial court that “Mr. Smith has a family he needs to be able to support and he only has one prior felony conviction for contraband from over ten (10) years ago.” On June 5, 2013, Smith refiled the same motion to reconsider sentence, which was then set for a hearing.
Although Smith’s guilty plea and sentence were presided over by Judge pro tempore Joseph Bleich, a different trial judge, Judge Michael |3Nerren, presided over the hearing on Smith’s motion to reconsider sentence. At that hearing, Smith stated to the new trial judge, “I understand that I really messed up and I am paying the price for it, I just — I do see the error of my ways and I would really like a second chance, sir.” In response, the trial judge indicated that he was unfamiliar with the case or the factors underlying Smith’s sentence, denied the motion “because of the Court’s lack of knowledge,” and suggested that the matter be handled by an appeal to this Court. In doing so, the trial judge observed that “the motion to reconsider sentence in this matter was timely filed.” This appeal by Smith ensued.
Discussion
On appeal, Smith seeks remand and argues that the trial judge who considered his motion to reconsider sentence should have given the motion more consideration in light of Smith’s record rather than deny the motion and suggest that Smith’s motion could be handled on appeal. We agree that the trial judge could have given more consideration to the defendant’s motion, instead of simply denying it for referral to this Court. However, at this point in the proceedings, we can consider Smith’s sentence based on the record as well as the trial court, making remand to the trial court futile.
Louisiana C.Cr.P. art. 881.1 provides, in part:
A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence. (Emphasis added).
Smith was sentenced on November 20, 2012. According to art. 881.1(A)(1), he had *1100 30 days thereafter to file a motion to reconsider sentence. He filed his motion to reconsider |4sentence on January 7, 2013, more than 30 days from the date of sentencing. See La.C.Cr.P. art. 13 for computation of time in criminal cases. Initially, we note that the trial court’s assertion that Smith’s motion was timely was clearly in error. At sentencing, the trial court did not fix a longer time for filing a motion to reconsider sentence. Thus, Smith’s motion — filed beyond the 30 day limit — was clearly untimely.
Typically, when a defendant fails to timely file a motion to reconsider sentence under La.C.Cr.P. art. 881.1, the appellate court’s review is limited to the bare claim of constitutional excessiveness. See, e.g., State v. Boyd, 46,321 (La.App.2d Cir.09/21/11), 72 So.3d 952, citing State v. Mims, 619 So.2d 1059 (La.1993).
Further, a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2(A)(2). This rule is applicable to sentences imposed under an agreed sentencing cap as well as sentences for an agreed-upon term of years. State v. Young, 1996-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App.2d Cir.06/29/05), 907 So.2d 873.
In this case, during the Boykin colloquy, the trial court explained to Smith that he was waiving his “right to have an appeal to the Court of Appeal on the issue of guilt or innocence.” This is not an express promise that the defendant might be entitled to appellate review of his sentence even though he was waiving appellate review of his guilt. However, in some | ¿instances, appellate courts have reviewed agreed or capped sentences despite the procedural bar of La.C.Cr.P. art. 881.2 when the trial court intimates during the plea that appellate review of the agreed-upon sentence is not foreclosed. As noted in State v. Jones, 48,774 (La.App.2d Cir.01/15/14), 130 So.3d 1033, 1036, “[T]his Court has afforded defendants review of their sentences in cases where the issue is close.” See also, State v. Smith, 47,800 (La.App.2d Cir.02/27/13), 110 So.3d 628.
Notably in this case, at sentencing Smith waived the usual requirement of on-the-record compliance with La.C.Cr.P. art. 894.1, and indeed there is no need for the trial court to comply with that article when the defendant has agreed to a sentence cap. State v. Fizer, 43,271 (La.App.2d Cir.06/04/08), 986 So.2d 243.
Even if we were to review Smith’s sentence for constitutional excessiveness— the only type of review he might possibly be entitled to on appeal under Boyd, supra — there is nothing to indicate that the sentence was constitutionally excessive or nothing more than the purposeless infliction of pain and suffering. Smith benefited greatly from a generous plea agreement that dismissed ten other felony charges that, upon conviction, might well have led to his imprisonment for decades if not the remainder of his life. Moreover, he has one prior felony conviction in Tennessee for introducing drugs into a correctional facility in 2005; he also has several misdemeanor convictions. Because of the plea agreement and waiver of La.C.Cr.P. art. 894.1 compliance, the facts of these offenses were never explored on the record, but the eleven-count bill of information suggests that Smith went on |fian armed burglary spree in March 2012, wherein he stole a variety of property including numerous firearms. Nothing in Smith’s record suggests that his ten-year sentence is constitutionally excessive given the very beneficial plea agreement he accepted.
*1101 Conclusion
For the foregoing reasons, the conviction and sentence of Leonard Jesse Smith are affirmed.
AFFIRMED.