MOORE, J.,
concurs.
|,I respectfully concur. “Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1.” State v. Fizer, 43,271 (La.App. 2 Cir. 6/4/08), 986 So.2d 243. “Indeed, there is no need for the trial court to comply with that article when the defendant has agreed to a sentence cap.” State v. Smith, 49,163 (La.App. 2 Cir. 6/25/14), 145 So.3d 1097. In light of this settled jurisprudence, I would not hold that the district court was required to state a factual basis for sentence in this case.
However, the present record establishes only that this 18-year-old offender committed two car break-ins. On this meager showing, the sentences totaling 20 years at hard labor may well be excessive. For this reason, I concur in the majority’s decision to vacate the sentence and remand for a new sentencing hearing that complies with Art. 894.1.