BLEICH, J., Ad Hoc.
hThe defendant, Johnesia Shuntrell Conway, pled guilty to second degree cruelty to a juvenile and was sentenced to 15 years at hard labor. A hearing was held on the defendant’s timely filed motion to reconsider sentence, which was subsequently denied. The defendant now appeals, arguing that her sentence is excessive. For the following reasons, we affirm.
FACTS
On September 30, 2014, the defendant was' arrested on three outstanding, warrants for failure to appear on traffic violations. She had six young children and arranged for her next-door neighbors to watch the children until her parents could come take custody of them. Several hours later, the defendant’s mother took'A.C., the defendant’s two-year-old daughter, to Willis-Knighton Hospital after she discovered burns on A.C.’s body. A.C. had second and third degree burns on both legs and a cut over her left eye. A.C. also had other injuries to her liver, face and head.
When questioned, the defendant stated that two nights before, she had run some water in the bathtub, and without checking the temperature of the water, she put A.C. in the bathtub. When she realized the water was too hot, she took A.C. out of the bathtub, and A.C. slipped and hit the side of her head on the toilet, causing a cut above her left eye. Although the defendant initially stated that she took A.C. to the hospital for medical treatment, Conway later admitted' that she did not take A.C. to the hospital and claimed that she treated the burns herself. The defendant stated that she did not seek medical treatment for A.C. because she was afraid that her children would |gbe taken away and she had just gotten a job working for the post office in Little Rock, Arkansas.
On November 19, 2014, the defendant was charged by bill of information with second degree cruelty to a juvenile, in violation of La. R.S. 14:93.2.3, and second degree battery, in violation of La. R.S. 14:34.1. On April 14, 2015, pursuant to a plea agreement, the defendant pled guilty to the second degree cruelty to a juvenile. As part of the agreement, the state agreed to a sentencing cap of 20 years at hard labor and the remaining charge for second degree battery was- dismissed.
The' state provided a factual basis.for the plea, and staled that although the" state believed that the defendant’s actions were intentional, she claimed that it was a criminally negligent act. Defense counsel noted that the'defendant admitted that she put A.C. in the bathtub without checking’ to see how hot the water was and that she did not take A.C. to the hospital for medical treatment, but that-the defendant denied that she acted intentionally. The court stated that the defendant’s actions, whether intentional or negligent, were sufficient to sustain the charge for second degree cruelty to a juvenile.[1] The defen *638 dant admitted that the facts were correct. The court ^accepted the guilty plea and ordered a presentence investigation report.
At the sentencing hearing on June 16, 2015, defense counsel requested the court to consider the following: the defendant regrets her actions and is remorseful; she is 25 years old with no prior felony convictions; A.C. has recovered from her injuries and is now living with her father in Texas; and the defendant’s five other children have been placed in the custody of their maternal and paternal grandparents. The trial court reviewed the facts of the case, noting that the defendant had provided inconsistent statements to the police, i.e., the defendant initially stated that A.G. started the water and got into the bathtub herself and that she had taken A.C. to the hospital. The court emphasized that regardless of whether this incident was intentional or not, the defendant failed to provide adequate medical treatment for the child. In reviewing the defendant’s criminal history, the court noted that she had several traffic offenses, including multiple instances of improper child restraint, which demonstrates a pattern of a lack of, or negligence in, earing for her children.
Further, the court considered the sentencing guidelines set forth in La. C. Cr. P. art. 894.1. The court stated that there was an undue risk that during a period of a suspended sentence or probation, the defendant would commit another crime, noting that it believed that if she got her children back, A.C. and the other children would be at risk due to the defendant’s history of neglect, and that a lesser sentence would deprecate the seriousness of this crime. The court stated that the defendant’s conduct during the commission of the offense manifested deliberate cruelty to | ¿victim, and that the defendant knew or should have known that the victim was particularly vulnerable or incapable of resistance due to extreme youth, noting that the child could not call 911 or seek medical treatment on her own. The court noted that accidents happen, and that if the defendant had sought appropriate medical treatment for A.C., she would have likely received a probated sentence. Further, the court noted that the charge for second degree battery, arising from injuries to the child’s liver, face and head, was dismissed, and opined that based on those injuries, “something else happened other than this neglect [of the] scalding burning.” Considering the above, the trial court sentenced the defendant to 15 years at hard labor.
The defense filed a motion to reconsider the defendant’s sentence, arguing that the trial court should have suspended her sentence and placed her on probation, that the court failed to properly and fully consider the mitigating factors under La. C. Cr. P. art. 894.1, and that the defendant’s sentence was excessive. Also, the defendant filed a pro se motion to reconsider sentence, arguing that her sentence was excessive.
The trial court conducted a hearing on the motion to reconsider, after which it denied the motion. As to the argument that the defendant was entitled to probation, the court stated that it was concerned that the defendant would fail to appear if she were placed on probation, noting that *639 in 2012, a bench warrant was issued on a charge for driving under suspension and in 2014, she failed to appear on charges of driving under suspension, no child restraint, and no seat belt. Further, the court again |¿noted that the defendant had a pattern of increasing neglect or disregard for the safety of her minor children, that the defendant’s conduct manifested deliberate cruelty to the child in not seeking medical treatment and letting the child suffer for several days with severe burns to the majority of her legs, that the defendant .knew or should have known that the child was particularly vulnerable or incapable of resistance due to extreme youth, and that the defendant used her position as the victim’s mother to facilitate the commission of the offense. This appeal followed.
DISCUSSION
Assignment of Error Number One: The trial court committed error by failing to suspend the imposition of sentence and place the defendant on probation, to which the defendant was clearly entitled.
Assignment of Error Number Two: The trial court failed to properly and fully consider and apply the sentencing guidelines set out in La. C. Cr. P. art. 894.1, especially the mitigating circumstances relevant to the defendant’s case.
Assignment of Error Number Three: The trial court committed error when it imposed a sentence that is excessive and out of proportion to the offense.
Assignment of Error Number Four: The trial court, committed error when it imposed a sentence which constitutes cruel and unusual punishment in violation of the Constitution of the State of Louisiana and the Constitution of the- United States of America.
Assignment of Error Number Five: The trial court committed error when it denied the defendant’s motion for reconsideration of sentence.
The defendant argues that her 15-year sentence is excessive. Specifically, the defendant argues that the trial court failed to properly and fully consider the mitigating factors, noting that she was a 24-year-old single mother with six children (ages 20 months to eight years), living in low-income housing, with no prior criminal history. The defendant argues 16that the trial court placed too much emphasis on the characterization of the facts as set forth by the state as there was no evidence that she intentionally placed the child in water that she knew was too hot. Rather, the defendant maintained that she acted negligently, and, while she should have-taken the child to the hpspital for medical treatment, there was no evidence that she intended further harm to the child by not doing so. The defendant admits that she chose to treat the child’s burns herself, but emphasizes that the child has now recovered from her injuries. The defendant submits that she should have received a probated sentence and that strict conditions concerning her conduct and the care of her children could be imposed to assure the safety of the children.
The state claims that the trial court did not abuse its discretion in sentencing the defendant to 15 years at hard labor. According to the state, the trial court articulated an adequate factual basis for the sentence: the defendant gave multiple conflicting statements to the police about the incident; the defendant failed to provide any medical treatment for the child; the defendant had multiple instances of improper child restraint;: the other children would be at risk; there was a risk that this kind of activity would recur; any lesser sentence would deprecate the seriousness of the defendant’s crime; the defendant’s conduct manifested deliberate cruelty to *640 the child;, and the victim was particularly vulnerable or incapable of resistance due to her extreme youth. Further, the state notes that the medical reports indicated that the child had other injuries to her head, face, and liver. The state claims that although such injuries were the basis for the. second |7degree battery charge which was dismissed as part of the plea agreement, such injuries were considered by the court as a pattern of neglect in-earing for the child. Finally, the state asserts that the defendant received a considerable benefit from the plea agreement and reduced sentencing exposure.
As a threshold issues, we note that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2. This rule is applicable to sentences imposed under an agreed sentencing cap as well as sentences for an agreed-upon term of years. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App.2d Cir.06/29/05), 907 So.2d 873.
However, in some instances, appellate courts have reviewed agreed or capped sentences despite the' procedural bar of La. C. Cr. P. art. 881.2 when the trial court intimates during the.plea that.appellate review of,the agreed-upon sentence is not foreclosed. State v. Smith, 49,163 (La.App.2d Cir.6/25/14), 145 So.3d 1097. As noted in State v. Jones, 48,774 (La.App.2d Cir.1/15/14), 130 So.3d 1033, “[T]his Court has afforded defendants review of their sentences in cases , where the issue is close.” See also State v. Mitchell, 49,873 (La.App.2d Cir.6/24/15), 169 So.3d 749; State v. Wright, 49,882 (La.App.2d Cir.7/8/15), 169 So.3d 835; State v. Smith, 47,800 (La.App.2d Cir.2/27/13), 110 So.3d 628; State v. Foster, 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214.
| sIn the case sub judice, the defendant pled guilty and was sentenced in.accordance with the agreed-upon sentencing cap. At the guilty plea hearing, the defendant stated that she understood the sentencing cap and that by pleading guilty, she was waiving her right to appeal:
The Court: ... And do you understand that if you were convicted at trial you would have the right:to appeal your conviction to the high — to a higher court?
Defendant: Yes, sir.
The Court: Do you understand' that if you plead guilty today we’re not going to have a trial? You understand that?
Defendant: Yes, sir.
The Court: And that you would be waiving or giving up all the rights that we’ve just gone over.
Defendant: Yes, sir.
However, the defendant was never specifically informed that she was waiving her right to appeal her sentence as excessive. Also, following the imposition of sentence, defense counsel objected to the sentence and the court advised the defendant that she had 30 days to appeal her sentence. As such, we have elected to review the defendant’s claim and conclude that the sentence imposed is not excessive."
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First,’ the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the particle. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual *641 basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no reqüirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering, State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the-harm done to society, it shocks |inthe sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
The trial court has wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence.may have been more appropriate,, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.01/25/12), 86 So.3d 29.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
La. C. Cr. P. art. 14:93.2.3(C) provides that a person convicted of second degree cruelty to a juvenile shall be imprisoned at hard labor for not more than 40 years. In this case, the state and the .defendant agreed to a sentence within.the cap.of 20 years. The 15-year sentence imposed by the trial court is within the agreed-upon 20-year sentencing cap and less than half of the maximum sentence permitted under La. R.S. 14:93.2.3.
There is no requirement that any of the sentencing factors in La. C. Cr. P. art. 894.1 be given any particular weight, and the record shows that thé trial court adequately considered the relevant aggravating and mitigating factors, the facts of this case, and1 the information in-the pre-sentence investigation report. Although the defendant does not have a significant criminal history, she has received several citations for not haying proper child restraints, which indicates a pattern of negli *642 gence and disregard for the safety of her minor children. The court concluded that a suspended or probated sentence was not appropriate in this case, stating that there was an undue risk that the defendant would commit another crime based on her history of neglect, it was concerned about whether she would comply with the requirements of probation as she had previously failed to do so, and that a lesser sentence would deprecate the seriousness of her crime. Further, the defendant’s conduct manifested deliberate cruelty to the child in not seeking any medical treatment and letting the child suffer for several days with second and third degree burns to both her legs, that the defendant knew or should have known that the victim was particularly vulnerable as she was only two years old and unable to seek medical treatment, on her own, and that the defendant used her position as the victim’s mother to facilitate the commission of the offense. In addition, the defendant substantially benefitted from the plea agreement and reduced sentence exposure as her sentence for second degree cruelty to a juvenile was capped at 20 years and the charge for second degree battery, arising from other injuries to the child, was dismissed.
Finally, and significantly, we note that the trial court observed the demeanor of this defendant and examined this case on at least three occasions: at the taking of the plea, sentencing and the hearing on the | ^motion to reconsider sentence. Based on the record before us, and the trial court’s repeated recitation of reasons for sentencing, we do not find that the trial court abused its discretion in sentencing this defendant.
Considering the facts of this case and the benefit the defendant received from the plea agreement, the sentence imposed by the trial court does not shock the sense of justice, nor is it disproportionate to the severity of the offense.
ERROR PATENT
The trial court did not properly advise the defendant of the time period within which to apply for post-conviction relief under La. C. Cr. P. art. 930.8. At sentencing, the court advised the defendant that she had “two years from the date this conviction becomes final, which is today” to file an application for post-conviction relief. The defendant is hereby notified that she has two years from the date that her conviction and sentence become final under La. C. Cr. P. arts. 914 or 922 to file any applications for post-conviction relief. State v. Parker, 49,009 (La.App.2d Cir.5/15/14), 141 So.3d 839.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Johnesia Shuntrell Conway are AFFIRMED.

. La. R.S. 14:93.2.3 provides:
A. (1) Second degree cruelty to juveniles is *638 the intentional or criminally negligent mistreatment or neglect by anyone over the age of seventeen to any child under die age of seventeen which causes serious bodily injury or neurological impairment to that child. (2) For purposes of this Section, "serious bodily injury” means bodily injury involving protracted and obvious disfigurement or protracted loss or impairment if the function of a bodily member, organ, or mental faculty, or substantial risk of death.