786 So.2d 226 (2001)
STATE of Louisiana, Appellee,
v.
Anthony Wayne HUTSON, Appellant.
No. 34,510-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*227 Indigent Defender Board by John M. Lawrence, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Carl L. Ekendahl, Michael A. Pitman, Assistant District Attorneys, Counsel for Appellee.
Before STEWART, GASKINS and KOSTELKA, JJ.
KOSTELKA, J.
After the state agreed to reduce two charges of aggravated rape, Anthony Hutson ("Hutson") pled guilty to two counts of attempted aggravated rape, La. R.S. 14:42 A(4), 14:27, and two counts of aggravated oral sexual battery, La. R.S. 14:43.3. The district court imposed concurrent, fiftyyear hard labor sentences without benefits on each of the attempted aggravated rape charges and ten-year hard labor sentences without benefits on each of the aggravated oral sexual battery charges. After the denial of a timely motion for reconsideration, Hutson appeals his sentence as excessive. We affirm.
During the summer of 1999, Hutson, then age forty-eight, and his twelve-yearold daughter lived in Haughton. During the school year and throughout the summer, Hutson's daughter invited girlfriends from school to spend the night at Hutson's home. Following one of the sleep-overs, the parents of one of the girls became concerned after noticing their daughter smelled of alcohol and cigarettes. Upon questioning, the girl admitted that Hutson had provided her and her friends with cigarettes, wine coolers and beer in exchange for vaginal and oral sex. Subsequent investigation disclosed Hutson had engaged in this conduct with the young girls repeatedly, often furnishing them alcohol to the point of intoxication while showing them pornographic movies prior to engaging in the sexual acts. The victims were under the age of twelve when the charged events transpired.
On appeal, Hutson argues that his sentence is excessive because he is not among the worst type of offender for whom a maximum sentence is appropriate, and that the court should have considered as mitigating his lack of a criminal history, mental condition (pedophilia) and lack of physical harm to the victims.
After reviewing the trial court's articulation of reasons and the sentences imposed in accordance with the jurisprudential analysis set forth in State v. McKinney, 31,611 (La.App.2d Cir.02/24/99), 728 So.2d 1009, we affirm the sentences.
Hutson has presented no evidence which demonstrates that he has been diagnosed with a mental disorder. Accordingly, the trial court committed no error in omitting consideration of this allegation in mitigation. *228 Moreover, the record shows that the court determined that Hutson's lack of a prior criminal record failed to justify or mitigate his misconduct. Finally, the court obviously concluded that the psychological damage done to the children far outweighed any mitigatory value in the lack of physical harm.
The court also reviewed a presentence investigation report and observed that Hutson had not shown any remorse but continued to deny these sexual events occurred and claimed the girls fabricated the story because he threatened to report them for smoking. The court found Hutson to be in need of correctional treatment which could best be provided in a custodial environment. The court noted that Hutson's plea bargain had removed the possibility of a life sentence and that a lesser sentence would deprecate the seriousness of these offenses.
On this record, we find no constitutional error. Through his plea, Hutson received a substantial reduction in sentencing exposure and received considerable lenience in his concurrent sentences. Nor do the pled offenses adequately describe Hutson's egregious criminal conduct which has arguably caused irreparable psychological harm to the victims. His repeated and skillful manipulation and enticement of children under the age of twelve for the purpose of sexual gratification qualifies Hutson as the worst type of offender for whom the maximum sentences are appropriate. The district court abused no discretion in its choice of sentences. The convictions and sentences are affirmed.
AFFIRMED.