*311
 
 PEATROSS, J.
 

 | pursuant to a plea bargain agreement, Defendant, Shawn Haynes, pled guilty to attempted aggravated rape of a minor under the age of 13. The trial judge sentenced Defendant to serve 50 years at hard labor without the benefit of probation, parole or suspension of sentence. Defendant was also ordered to register as a sex offender. Defendant now appeals his sentence, urging that it is unconstitutionally excessive. For the reasons stated herein, the sentence of Defendant is affirmed.
 

 FACTS
 

 During the time period between November 27, 2006, and May 25, 2008, Defendant repeatedly forced the female victim, A.S., to participate in various sexual acts. The abuse began when A.S. was 10 years old and lasted until she was 11 years old when Defendant was arrested. The sexual acts Defendant forced on the victim included: (1) Defendant undressing himself and the victim and placing his “private parts against her private parts”; (2) Defendant forcing the victim to perform and receive oral sex from Defendant; and (3) Defendant causing the victim to bleed by penetrating her with his finger. Defendant made several attempts to penetrate the victim with his penis, but was never able to fully do so. The victim reported that the abuse took place almost every night for a year.
 

 On July 7, 2008, Defendant was charged by a bill of indictment with three counts of aggravated rape, one count of molestation of a juvenile and one count of indecent behavior with a juvenile in connection with the sexual abuse of two victims, one of whom was A.S. Originally, on July 21, 2008, Defendant pled not guilty to all charges. Subsequently, on November 10, 122008, in accordance with a plea bargain agreement, Defendant pled guilty to the first count of attempted aggravated rape. The State dismissed all other counts, including the count involving the second victim.
 

 At Defendant’s sentencing hearing, the trial judge heard two victim impact statements, reviewed Defendant’s presentence investigation report and noted for the record the factors set forth in La. C. Cr. P. art. 894.1. The trial judge determined that Defendant was in need of correctional treatment and further noted that a lesser sentence would deprecate the seriousness of Defendant’s crimes. The trial judge also pointed out Defendant’s apparent lack of remorse for his crimes given Defendant’s original plea of not guilty. Further, the trial judge stated that Defendant should have contemplated that his criminal conduct, lasting for a year-long period of time, would cause serious harm and severe emotional injuries to the victim.
 

 In consideration of the mitigating factors, the trial judge noted that Defendant had essentially no prior criminal history. The trial judge further found, however, that Defendant had been afforded leniency through his plea bargain agreement, wherein all but one of the original counts against him were dismissed. Accordingly, the trial judge sentenced Defendant to serve 50 years at hard labor without the benefit of probation, parole or suspension of sentence and required him to register as a sex offender.
 

 DISCUSSION
 

 Assignment of Error Number One (verbatim):
 
 The Trial Court erred in that the sentence imposed upon Shawn Haynes is constitutionally excessive.
 

 |sIn Defendant’s sole assignment of error, he claims that his sentence is unconstitutionally excessive because it is the
 
 *312
 
 maximum sentence allowable for attempted aggravated rape in violation of La. R.S. 14:27 and La. R.S. 14:42. Defendant argues that maximum sentences are intended to be reserved for the “most egregious” offenders. Defendant further points to his lack of a prior criminal history.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating factor so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,-855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297.
 

 The goal of La. C. Cr. P. art. '894.1 is the articulation of the factual basis for a sentence, not the rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267,
 
 writ denied,
 
 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s prior criminal record, the seriousness of the offense, the likelihood of rehabilitation and his personal history, including his age, family ties, marital Lstatus, health and employment record.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 A trial court has broad discretion to sentence within the statutory limits.
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. In cases where a defendant has pled guilty to an offense which does not adequately describe his conduct or he has received a significant reduction in potential exposure to confinement through a plea bargain agreement, the trial court has great discretion in imposing even the maximum sentence possible for the pled [r,offense.
 
 Id.; State v. Germany,
 
 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive.
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 04-0597 (La.9/24/04), 882 So.2d 1165;
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
 

 In the case
 
 sub judice,
 
 the record shows that the trial judge adequately considered
 
 *313
 
 the aggravating and mitigating circumstances applicable to Defendant, thereby complying with La. C. Cr. P. art. 894.1. Further, Defendant received a substantial benefit through his plea bargain agreement, wherein the State dismissed all but one count against him. Additionally, any adult residing in Louisiana who has pled guilty to, or has been convicted of, a sex offense or a criminal offense against a victim who is a minor as defined in La. R.S. 15:541, is required to register and provide notification as a'sex offender. See La. R.S. 15:542.
 

 Accordingly, we do not find that the trial judge manifestly abused his discretion in sentencing Defendant. Defendant’s argument regarding the excessiveness of his sentence is without merit.
 

 CONCLUSION
 

 For the foregoing reasons, the sentence of Defendant, Shawn Haynes, is affirmed.
 

 AFFIRMED.