BROWN, Chief Judge.
| defendant, Donald Boswell, was convicted of attempted aggravated rape and was sentenced to 48 years at hard labor without parole, probation or suspension of sentence. Money seized from him at the time of his arrest was deemed forfeited. Defendant has appealed his conviction and sentence.

Facts

Defendant, Donald Boswell, was indicted by the Webster Parish Grand Jury with one count of aggravated rape of a juvenile in violation of La. R.S. 14:42(A)(4) and one count of indecent behavior with a juvenile in violation of La. R.S. 14:81. The original bill charged that the crimes were committed between January 1, 2009, and August 31, 2009, but was subsequently amended to provide that they occurred between December 1, 2008, and August 31, 2009. Defendant initially pled not guilty; however, on April 5, 2010, defendant entered a plea of guilty to one count of attempted aggra *876 vated rape. The factual basis for the guilty plea, provided by the prosecutor during the Boykin hearing, was as follows:
[I]f this matter were to go to trial, the State would present evidence which would prove that Donald Boswell between the months of December first of 2008 and August 31, 2009, around or about that time, did commit attempted aggravated rape of a juvenile, initials TM, whose date of birth was August 28, 1997, by having anal, oral or vaginal intercourse without the lawful consent of the victim, victim being under the age of 13 years. We would present evidence which would show after Mr. Boswell was Mirandized by Detective Scott Tucker of Webster Parish Sheriffs Department, here in Webster Parish, did state to Detective Tucker that ... he had sexual intercourse at least three times with the minor.... And that took place here in Webster Parish.
After consultation with defendant, defense counsel stated on the record that the recitation of the facts was “substantially correct” with the |2exception that defendant did not agree on the number of times the conduct occurred. When asked directly whether the factual recitation was substantially correct subject to the clarification offered by defense counsel, defendant answered, “Yes, sir.”
At sentencing, the trial court recited the relevant provisions of La. C. Cr. P. art. 894.1 and reviewed the contents of the presentence investigation report (“PSI”) which included a detailed and disturbing account of defendant’s conduct giving rise to his conviction. The victim had been entrusted to defendant by her mother, who was one of defendant’s employees. While defendant was allegedly caring for the victim, he had her sleeping in his bed in the nude and had both vaginal and oral intercourse with her. Most troublesome is the report’s account of defendant’s belief, reasserted in his brief on appeal, that the 11-year-old victim was the aggressor or initiator.
The judge also reviewed defendant’s social and criminal history as described in the PSI report. The judge noted that defendant was 37 years of age at the time of sentencing and that he had completed high school and 58 hours of study at Bossier Parish Community College. The court noted that defendant, since graduating from high school, has had a good work history, including the operation of his own business. The judge also noted that defendant is the divorced father of one son.
The trial judge then noted defendant’s lack of a significant criminal history, having had no prior felony convictions. The judge also referred to various letters he had received, one written by defendant, others written on phis behalf, and one written by the victim’s father regarding the impact of defendant’s crime on his daughter and family.
The judge listed as aggravating factors that: defendant’s conduct manifested deliberate cruelty to the victim;, defendant should have known about his victim’s 'vulnerability due to her youth; defendant used his status as a trusted family friend in committing the crime; and the victim would be permanently impacted by the crime. As mitigating factors, the trial court referenced defendant’s first felony offender status; his previously recited social history; and a letter defendant had written to the court in which he expressed some remorse, although he still blamed the victim’s aggressiveness for his conduct.
The trial judge sentenced defendant to 48 years at hard labor without the benefit of parole, probation or suspension of sentence. Additionally, the trial court ordered approximately $5,000 seized from defendant’s home at the time of his arrest *877 to be submitted to the district attorney’s office for remittance to the victim for counseling costs. A motion to reconsider sentence filed by defendant was denied. This appeal followed.

Discussion

In the defense brief it is stated that “defendant concedes that punishment is necessary and required for his criminal activity and [he] does accept punishment. However, it is the excessive punishment that is at issue.” Defendant argues that the sentence is excessive because it was not particularized in light of certain alleged mitigating factors. Furthermore, he Purges that the sentence is excessive because he was denied the effective assistance of counsel throughout the proceedings.

Excessive Sentence

For attempted aggravated rape, the statute provides for a sentence of no less than 10 years and no more than 50 years at hard labor, without benefit of probation, parole, or suspension of sentence. La. R.S. 14:27(D)(l)(a) & 14:42(D).
A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.04/30/08), 981 So.2d5 792; State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir.01/28/04), 865 So.2d 280, writ denied, 04-0597 (La.09/24/04), 882 So.2d 1165.
In the present case, the record shows that the trial judge adequately considered the aggravating and mitigating circumstances applicable to defendant, thereby complying with La. C. Cr. P. art. 894.1. Defendant was originally charged with one count of aggravated rape of an 11-year-old girl. According to the record and the PSI, he confessed to multiple counts when interviewed by law enforcement officers. Given that a conviction on one count of aggravated rape would have resulted in a mandatory life sentence, the 48-year sentence on a conviction for attempted aggravated rape is not grossly disproportionate to the seriousness of the offense.
Furthermore, the record shows that the victim had been entrusted to defendant’s care, a trust which he violated in facilitating the commission of the crime. Though the trial court finds that defendant expressed some remorse in his letter to the court, the court also noted that defendant persisted in blaming the young victim for being the aggressor. When this offense and the 48-year hard labor sentence are *878 viewed in light of the harm done to society and the young victim, the sense of justice is not shocked. While this first offender received a near maximum sentence for the pled | fioffense, the offense of conviction does not adequately describe his egregious actions. Accordingly, the sentence imposed is not constitutionally excessive, nor does it reflect a manifest abuse of the trial court’s discretion.

Ineffective Assistance

Among the deficiencies in his representation, defendant alleges that counsel failed to: consult with him about the case to any significant degree; investigate constitutional violations by law enforcement; review discrepancies in the police report; object to the state’s use of the report’s contents as a factual basis; and raise defendant’s objection that two of the members of the grand jury that indicted him were defendant’s co-workers.
Most of defendant’s claims of ineffective assistance of counsel regard the alleged role his attorney’s conduct played in defendant’s decision to enter a guilty plea and in the sentencing phase. The record herein does not disclose the necessary evidence to decide those claims of ineffective assistance of counsel and they will be more properly raised in a post-conviction writ in the trial court, where a district judge can order a full evidentiary hearing.

Conclusion

Affirmed.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, CARAWAY and DREW, JJ.
Rehearing denied.
WILLIAMS, J., would not consider a rehearing.