NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 17-553

STATE OF LOUISIANA

VERSUS

BOBBY HAYWARD MCMURTURY, II

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89677
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, D. Kent Savoie, and Van H. Kyzar, Judges.

AFFIRMED

Paula Corley Marx
Louisiana Appellate Project
P.O. Box 82389
Lafayette, LA 70598-2389
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
     Bobby Hayward McMurtury, II

Hon. Asa Allen Skinner
District Attorney, 30th JDC
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
     State of Louisiana

Lea R. Hall
Assistant District Attorney, 30th JDC
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
     State of Louisiana

**KYZAR, Judge.**

The defendant, Bobby Hayward McMurtury, Jr.,[1] appeals his sentence of thirty-five (35) years in the custody of the Louisiana Department of Corrections after entering an unqualified plea of guilty to attempted first degree rape pursuant to a plea agreement. For the reasons assigned herein, we affirm.

## Facts and Procedural History

The defendant was originally indicted by a grand jury on July 13, 2016 and charged with one count of first degree rape in violation of La. R.S. 14:42(A)(4) and indecent behavior with a juvenile in violation of La. R.S. 14:81(A)(1) and (H)(2). The indictment alleged that the defendant, thirty-four years of age at the time, engaged in oral sexual intercourse on a seven-year-old female child and committed lewd and lascivious acts upon the same victim by touching her genitals and masturbating in her presence. On January 4, 2017, pursuant to a plea agreement, the defendant tendered an unqualified plea of guilty to one count of attempted first degree rape, in violation of La.R.S. 14:42(A)(4) and La.R.S. 14:27.[2] The charge of indecent behavior with a juvenile was dismissed as a part of the agreement. On February 21, 2017, the court conducted a sentencing hearing during which the mother and maternal grandmother of the victim testified. The defendant also testified in his own behalf. Following a presentence investigation, the defendant was sentenced on March 14, 2017 to serve thirty-five (35) years in the Louisiana Department of Corrections, without benefit of parole, probation, or suspension of

---

[1] The defendant was originally indicted as Bobby Hayward McMurtury, II, and on January 4, 2017 the indictment was amended to reflect his correct name as Bobby Hayward McMurtury, Jr.

[2] Although no formal amendment to the indictment was made, none was required for the plea to a responsive charge as per the provisions of La.Code Crim.P. art. 558.

sentence. Counsel for the defendant filed a Motion to Reconsider Sentence, which was denied on March 20, 2017. This appeal followed.

## Assignment of Error

The defendant asserts one assignment of error, as follows:

The thirty-five year sentence imposed in this case is excessive for this thirty-five-year-old offender with mental health and drug dependency problems.

## Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## Discussion

In his sole assignment of error, the defendant asserts that his sentence of thirty-five years in the custody of the Louisiana Department of Corrections, without benefit of parole, probation, or suspension of sentence, is excessive. He claims that his age of thirty-five years, together with his mental health and substance abuse issues, mitigate in favor of a lesser sentence and cause the sentence imposed to be constitutionally excessive. We disagree.

The law is well settled concerning the standard of review to be used in excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne,* 99–192 (La.App. 3 Cir. 10/13/99); 746

2

So.2d 124, *writ denied,* 00–0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook,* 95–2784 (La.5/31/96); 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling,* 00–1241, 00–1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042–43, *writ denied,* 01–838 (La. 2/1/02), 808 So.2d 331.

A sentence falling within the statutory sentencing range may still be unconstitutionally excessive if it shocks the sense of justice or makes no meaningful contribution to acceptable penal goals. Several factors may be considered when reviewing such a sentence for excessiveness:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith,* 99–0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste,* 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook,* 95–2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith,* 02–719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied,* 03–562 (La. 5/30/03), 845 So.2d 1061.

At the hearing on February 21, 2017, the victim's mother and maternal grandmother each testified extensively as to the emotional harm inflicted upon the minor by the actions of the defendant. Both testified that the child is not the same little girl that she was prior to these incidents. She is no longer trusting of others and often wakes up crying in the middle of the night. The defendant also testified at the hearing about his mental health issues, stating that he hears voices and has been diagnosed as schizophrenic. He further testified that he has abused drugs,

particularly methamphetamines, for many years. In pronouncing the sentence in this case on March 14, 2017, the trial court considered the testimony and other factors, in light of the guidelines provided in La.Code Crim.P. art. 894.1, and set forth the following reasons for the specific sentence imposed:

> First, there was substantial emotional harm caused to the minor female victim in this case. I heard some compelling testimony from the mother and a relative of the child and the harm - - mental harm, the emotional harm is quite extreme in this case at this point. There are no substantial grounds which would tend to excuse his criminal conduct. He claims it must have been due to his use of drugs at the time. Uh, he did not act under provocation by anyone, the victim or the mother or anyone else. In fact, he acted while he was in a position of trust by the mother, leaving the child to be cared for by him. He's 35 years of age. He's divorced. He has three children of his own. He is in good health. He claims he has some mental issues of manic depression with schizophrenia - - schizophrenic tendencies and he's on medication for those - - for that. Uh, there was no employment record given in the P.S.I., but at the hearing, he testified he worked on power lines for power companies in Mississippi for a time. He has a 9th grade education. He has a history of drug and alcohol use and abuse. He was on meth - - Methamphetamines, he indicates, pills, marijuana, acid, crack cocaine, alcohol. In other words just a - - the - - the run of the gamut of drugs, particular - - or primarily. Uh, he claims that he got some treatment, but he can't say when or where, for the use of those drugs, uh, and, so, there's no evidence that he did receive anything like that. He does have a prior criminal record in that, on April 7th, 2016, he pled guilty to possession of a Schedule II substance which was a felony and he was given a three-year probated sentence in Beauregard Parish. He has six other convictions for various misdemeanor charges, as well, on his record. As I noted, this child has been emotionally traumatized. She has withdrawn from, in effect, this world and society, uh, and - - and particular, in her school environment into a small circle of people that she feels she can trust, her mother, primarily, her grandmother, and her grandfather and that's it. Uh, she has difficulty at school now. She's, uh, her grades, her school performance has deteriorated since these events occurred. She has begun counseling and will need substantially more it seems. This trauma, quite frankly, will be damage that will last through the entirety of her life and one only hopes that the counseling and the treatment she gets will help her come to grips with this as much as possible and learn to live within the society, learn to establish relationships with others, uh, that would allow her to have what we would hope would be classified as a normal life at some point and time. But, certainly, we can't determine how she'll cope with all of that at this time. Uh, his actions though have changed her life

4

significantly and permanently. And one of the things that I come back to when I think about this kind of offense is, I hear - I hear cases all the time about individuals doing things to others. The one that you may have seen awhile ago, uh, the individual who was in a fight with a grownup and injuries were involved and he was sentenced to a substantial sentence. But in this case, the - - the seven - year -old victim is helpless in a - - in a great sense. The children, and the younger they are, are the most helpless members of our society, who can't protect themselves and we need to protect them. We need to protect them from predators and that's where I classify you as a predator. Uh, whether you were on drugs or not, you're a predator, and, certainly, there's an extremely high likelihood that, if you were left out in society, there would be another victim or victims in - in regards to this who are the least protected, as I've stated.

The trial court properly and thoroughly considered all of the aggravating and mitigating factors in considering and pronouncing the sentence. Further, the trial court did not commit an abuse of its broad discretion in imposing the thirty-five year sentence in this particular case. The actual sentence was substantially lower than the maximum potential sentence which could have been imposed for the crime.[3] Further, the sentence imposed is in line with sentences handed down in similar cases.[4] In *State v. Johnston*, 50,706 (La.App. 2 Cir. 6/22/16), 198 So.3d 151, the court affirmed a fifty year sentence imposed after a plea to the lesser charge of attempted aggravated rape, where the seventeen year old defendant was originally indicted for the completed offense involving a seven-year-old child.[5] In *State v. Boswell*, 46,181 (La.App. 2 Cir.4/13/11), 62 So.3d 874, *writ denied*, 11–1246 (La. 12/2/11), 76 So.3d 1174, a forty-eight year sentence was affirmed for a

---

[3] The sentencing range for attempted first degree rape per the provisions of La.R.S. 14:42 and La.R.S. 14:27 is ten to fifty years without the benefit of parole, probation, or suspension of sentence.

[4] Another factor to consider in excessive sentence review is the comparison of the defendant's punishment with the sentences imposed for similar crimes by the same court and other courts. *State v. Telsee*, 425 So.2d 1251 (La. 1/10/83).

[5] The offense of aggravated rape was renamed first degree rape in 2015 La. Acts Nos. 184 and 256, which became effective August 1, 2015.

defendant, thirty-seven, who had no significant criminal history and who pled guilty to the responsive charge of attempted aggravated rape of a minor. In *State v. Haynes,* 44,868 (La.App. 2 Cir. 12/9/09), 26 So.3d 310, the defendant had no criminal history and pled guilty to the responsive charge of attempted aggravated rape of a minor. A fifty year sentence was affirmed as not excessive. In *State v. Hutson,* 34,510 (La.App. 2 Cir. 5/9/01), 786 So.2d 226, *writ denied,* 01–1997 (La. 3/28/02), 812 So.2d 655, a fifty year sentence on each of two counts of attempted rape of a minor, to run concurrently, was affirmed, where the defendant, forty-eight, pled guilty to the responsive charges. In *State v. McLelland,* 03–498 (La.App. 5 Cir. 10/15/03), 860 So.2d 31, *writ denied,* 03–3372 (La. 3/26/04), 871 So.2d 347, a forty-five year sentence was held not excessive for an eighteen year old defendant who had no significant criminal history and was convicted by a jury of the responsive crime of attempted aggravated rape of a minor.

We thus find no abuse of the broad discretion of the trial court in the imposition of the thirty-five year sentence to be served without benefit of parole, probation, or suspension of sentence for the attempted first degree rape of this seven-year-old victim. The sentence is not such that it shocks the conscience nor is it a meaningless imposition of punishment serving no acceptable penal goals. Further, it is in line with sentences handed down in similar cases and affirmed by this and other courts of the State.

### Disposition

For the reasons herein, the defendant's sentence is affirmed.

**AFFIRMED.**