Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,468-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                            Appellee

versus

ROOSEVELT HORTON                              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 379,571

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

JOHN D. & ERIC G. JOHNSON                     Counsel for Appellant
LAW FIRM, LLC
By: Eric G. Johnson
    Eric Matthew Whitehead


JAMES E. STEWART, SR.                         Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
JASON WAYNE WALTMAN
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and ROBINSON, JJ.

**STONE, J.**

This criminal appeal arises from the First Judicial District Court, the Honorable Donald E. Hathaway presiding. A unanimous jury returned a responsive verdict and found the appellant-defendant, Roosevelt Horton ("defendant"), guilty of attempted aggravated rape in violation of La. R.S. 14:27 and La. R.S. 14:42(A)(4), for which he received a sentence of 50 years at hard labor without benefit of parole.

The defendant now appeals, asserting three assignments of error: (1) whether the testimony of K.M.2 and K.M.3 was properly admitted pursuant to La. C.E. art. 412.2 as lustful disposition evidence; (2) the evidence introduced at trial was insufficient to prove that he was guilty of attempted aggravated rape; and (3) his sentence is excessive. For the reasons stated herein, we affirm the defendant's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

On October 10, 2020, the Shreveport Police Department was dispatched to a residence regarding a sexual assault. Upon arrival, responding officers spoke with Lasonia Ashley ("Ashley"), who stated that her daughter, K.M. (DOB: 04/19/04), attempted to commit suicide by taking muscle relaxers and over 40 Tylenol pills. Ashley told officers that she had a conversation with Olu Ogunyemi ("Ogunyemi"), a friend of K.M., who told her that K.M. said that her uncle had raped her when she was 6 years old and that this may be the reason for her suicide attempt. After talking with K.M. at the hospital about the rape, Ashley discovered that the defendant was the uncle to whom Ogunyemi was referring. At this time, responding officers contacted the sex crimes detectives, who then began an investigation. A couple of weeks later, the sex crime detectives set up

Gingerbread House interviews for K.M. and her two sisters, K.M.2 (DOB: 12/07/07) and K.M.3 (DOB: 12/21/06).

On October 22, 2020, K.M., K.M.2, and K.M.3 were all interviewed at the Gingerbread House. During K.M.'s interview, she revealed that when she was 6 years old, the defendant picked her up from school, and they went back to his house. K.M. stated that she remembered being sleepy and that she had fallen asleep in her father's old room. K.M. explained that she had woken up in pain and found the defendant on top of her, "having intercourse" with her. She recalled the defendant punching her in the face when she tried to get him off of her. K.M. then stated that when it was over, the defendant pulled up his pants and said, "If you tell anybody, I am going to kill you and that person." K.M. further explained that her "Nana," the defendant's wife, had bathed her that night and noticed that she was bleeding from her vagina. K.M. remembered her Nana and the defendant fighting and her Nana coming back into the bathroom telling her to "never tell anyone, and they had to keep it in the family." K.M. stated that she kept this secret for 10 years because she was scared of how her family would react. In her interview, K.M.2 explained that when she was 6 years old, she sat on the defendant's lap and felt what she now knows to be an erection. K.M.2 also recalled being 7 years old when she saw the defendant looking at her while she undressed to take a bath. During her interview, K.M.3 told the interviewer that when she was 12 years old, she saw the defendant smelling her dirty underwear. K.M. further explained that when she was in kindergarten or pre-kindergarten, the defendant watched her as she undressed to bathe as well.

Following the Gingerbread House interviews, detectives met with the defendant. The defendant maintained his innocence and explained that he had no idea why K.M. would say that he had touched her sexually. On January 27, 2021, the defendant was indicted for aggravated rape of a minor child based on the alleged offense committed against K.M.

Prior to trial, the State of Louisiana filed a notice of intent to use the statements of K.M.2 and K.M.3 to indicate a lustful disposition toward children pursuant to La. C.E. art. 412.2. A hearing on the matter was held on August 5, 2022, and the defendant objected to the evidence. The defendant argued that if introduced at trial, the probative value of their testimony would not outweigh the prejudicial effect. The trial court overruled the objection.

K.M., K.M.2, and K.M.3 testified at trial consistently with their Gingerbread House interviews. The defendant testified that he did not rape K.M. but admitted that K.M. and her sisters visited his home and often took baths there. The defendant also testified that he could not "say for sure" whether or not K.M.2 sat on his lap but subsequently denied it being the way K.M.2 portrayed it in her testimony and Gingerbread house interview.

On August 10, 2022, a unanimous jury returned a responsive verdict of guilty of attempted aggravated rape; and on August 16, 2022, the defendant filed a presentence memorandum. The following day, the trial court sentenced the defendant to serve the maximum penalty, 50 years at hard labor. The defendant filed a motion to reconsider sentence, but it was denied without a hearing. This appeal followed.

## DISCUSSION

### *Evidence under La. C.E. art. 412.2*

In his first assignment of error, the defendant contends that the trial court abused its discretion in admitting evidence that indicates a lustful disposition toward children. The defendant argues that the testimony of K.M.2 and K.M.3 should have been excluded because its prejudicial effect substantially outweighed any probative value. Specifically, the defendant argues that the use of this evidence made him appear to be a "monster," "deviant," and a "filthy pedophile" before any evidence of the underlying offense was presented to the jury.

Generally, evidence of other acts of misconduct is not admissible because it creates the risk that the defendant will be convicted of the present offense simply because the unrelated evidence establishes him as a "bad person." La. C.E. art. 404(B)(1); *State v. Jacobs*, 99-0991 (La. 5/15/01), 803 So. 2d 933; *State v. Dale,* 50,195 (La. App. 2 Cir. 11/18/15), 180 So. 3d 528, *writ denied*, 15-2291 (La. 4/4/16), 190 So. 3d 1203. This rule of exclusion stems from the "substantial risk of grave prejudice to the defendant" from the introduction of evidence regarding his unrelated criminal acts. *State v. Jacobs, supra*; *State v. Prieur*, 277 So. 2d 126 (La. 1977). However, La. C.E. art. 412.2 creates an exception to the rule of La. C.E. art. 404(B)(1). *State v. Layton*, 14-1910 (La. 3/17/15), 168 So. 3d 358; *State v. Dale, supra*. La. C.E. art. 412.2 provides, in pertinent part:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant.

4

The admissibility of evidence under La. C.E. art. 412.2 depends on whether its probative value substantially outweighs the danger of unfair prejudice, confusion of issues, misleading the jury, or by considerations of undue delay or waste of time. La. C.E. art. 403; *State v. Dale, supra*. "As used in the balancing test, ... [t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." *State v. Ard*, 20-221 (La. App. 5 Cir. 4/28/21), 347 So. 3d 1046. La. C.E. art. 412.2 does not limit the admissibility of prior acts only to those identical or similar in nature. *State v. Wright*, 11-0141 (La. 12/6/11), 79 So. 3d 309; *State v. Johnson*, 50,005 (La. App. 2 Cir. 8/12/15), 175 So. 3d 442, *writ denied*, 15-1687 (La. 9/16/16), 206 So 3d. 203. A trial court's ruling on the admissibility of such evidence will not be overturned absent an abuse of discretion. *State v. Wright, supra*; *State v. Dale, supra*. Even if an appellate court finds that the trial court abused its discretion in admitting evidence under La. C.E. art. 412.2, the issue is subject to harmless error review. *State v. Garcia*, 09-1578 (La. 11/16/12), 108 So. 3d 1; *State v. Dale, supra*.

In this case, both K.M.2 and K.M.3. testified that the defendant watched them as they undressed to take a bath. K.M.2 explained to the jury that she remembers sitting on the defendant's lap and feeling what she now knows to be an erection. In her Gingerbread House interview, K.M.3. recalled the defendant smelling her dirty underwear as a child and watching her bathe as well. This record supports a finding that the testimony of K.M.2 and K.M.3 was highly probative in establishing the defendant's

5

lustful disposition toward children, particularly K.M. and her sisters. The acts described by K.M.2 and K.M.3 are of *lesser* seriousness than the offense with which the defendant is charged and have independent relevance to the case. The evidence shows the familial relationship between the sisters and the defendant and that they viewed the defendant as a grandparent. The evidence also shows that they were all of similar ages at the time of the acts they described and that they occurred while they were at the defendant's home and under his care. K.M.'s testimony describing how she was raped by the defendant when she was 6 years old is far more disturbing than the testimony and Gingerbread House interviews of K.M.'s sisters. Furthermore, defense counsel had an opportunity to cross-examine K.M. and her sisters at trial, present to the jury any plausible explanations for their allegations, and attack their credibility. Therefore, we find that the trial court acted within its discretion in admitting this evidence at trial and did not err in ruling that the probative value of the evidence substantially outweighed any danger of unfair prejudice.

Even if we were to assume for the purpose of argument the trial court erred in admitting such other crimes evidence, we note the introduction of inadmissible other crimes evidence results in a trial error subject to harmless error analysis on appeal. *State v. Floyd*, 51,869 (La. App. 2 Cir. 6/27/18), 250 So. 3d 1165, *writ denied*, 18-1292 (La. 2/25/19), 266 So. 3d 288. The harmless error analysis requires the reviewing court to determine if the verdict actually rendered was unattributable to the erroneous admission of the evidence. *State v. Kurz*, 51,781 (La. App. 2 Cir. 2/28/18), 245 So. 3d 1219, *writ denied*, 18-0512 (La. 11/18/19), 262 So. 3d 285. A sexual abuse victim's testimony alone is sufficient support for the requisite factual

6

conclusion. *State v. Elkins*, 48,972 (La. App. 2 Cir. 4/9/14), 138 So. 3d 769, *writ denied*, 14-0992 (La. 12/8/14), 153 So. 3d 438. Aggravated rape occurs when vaginal sexual intercourse is without lawful consent because the victim is under 13 years of age. La. R.S. 14:42(A)(4). An "attempt" occurs when any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object. La. R.S. 14:27(A).

In the case at bar, the jury viewed the Gingerbread House interview of K.M. and heard her testify about the rape committed by the defendant. Based on the testimony of K.M. alone, the jury could reasonably conclude the elements of attempted aggravated rape were proved beyond a reasonable doubt. The guilty verdict was based on the jury finding K.M. to be credible and was not attributable to the erroneous admission of evidence.

This assignment of error lacks merit.

*Sufficiency of evidence*

In his second assignment of error, the defendant argues that the state presented insufficient evidence at trial to sustain a conviction for attempted aggravated rape. Specifically, the defendant asserts that without the improperly admitted testimony of K.M.'s sisters, any rational trier of fact could not have found the essential elements of attempted aggravated rape, even when viewed in the light most favorable to the prosecution.

The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658

7

(La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Ward*, 50,872 (La. App. 2 Cir. 11/16/16), 209 So. 3d 228, *writ denied*, 17-0164 (La. 9/22/17), 227 So. 3d 827. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. *State v. Ward*, *supra*; *State v. Dotie*, 43,819 (La. App. 2 Cir. 1/14/09), 1 So. 3d 833, *writ denied*, 09-0310 (La. 11/6/09), 21 So. 3d 297. On appeal, a reviewing court must view the evidence in the light most favorable to the prosecution and must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. *Jackson*, *supra*.

The appellate court does not assess the credibility of witnesses or reweigh evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Ward*, *supra*. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Ward*, *supra*; *State v. Eason*, 43,788 (La. App. 2 Cir. 2/25/09), 3 So. 3d 685, *writ denied*, 09-0725 (La. 12/11/09), 23 So. 3d 913. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Burd*, 40,480 (La. App. 2 Cir. 1/27/06), 921 So. 2d 219, *writ denied*, 06-1083 (La. 11/9/06), 941 So. 2d 35.

The evidence is sufficient for a finding of guilt beyond a reasonable doubt for attempted aggravated rape. In order for the defendant's convictions to be upheld, the record must establish that the state proved beyond a reasonable doubt all the essential elements of attempted aggravated

8

rape. La. R.S. 14:42(A) defines aggravated rape, in pertinent part, as follows:

> Aggravated rape is a rape committed … where the anal, oral, or vaginal sexual intercourse is deemed to be without the consent of the victim because it is committed under any one or more of the following circumstances:
>
> ***
>
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

The elements of attempt are (1) specific intent to commit the crime and (2) an act or omission done for the purpose of and tending directly toward accomplishing the crime. La. R.S. 14:27(A). Importantly, "attempt" is a "separate but lesser grade of the intended crime," and even though it appears at trial that the crime intended or attempted was actually perpetrated by the person, he may be convicted of an attempt to commit the crime. La. R.S. 14:27(C).

Again, K.M. testified that when she was 6 years old, she had awakened in pain and found the defendant on top of her, "having intercourse" with her. She recalled the defendant punching her in the face when she tried to get him off of her. K.M. also testified that when it was over, the defendant pulled up his pants and said, "If you tell anybody, I am going to kill you and that person." She stated that the defendant's wife had bathed her that night and noticed that she was bleeding from her vagina. K.M.'s Gingerbread House interview was consistent with her testimony about the events of that day, particularly the defendant's threat to kill her if she told anyone and how she woke up to the defendant "having intercourse" with her.

9

We find that K.M.'s testimony and Gingerbread House interview established all of the required elements of attempted aggravated rape. It is apparent that after considering the credibility of the witnesses and weighing the evidence, the jury did not believe the defendant's denial of the rape and found K.M.'s testimony to be credible. Thus, viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found beyond a reasonable doubt that the defendant had the specific intent to commit aggravated rape upon a victim under the age of 13 and committed an act for the purpose of and intending directly toward accomplishing that objective. Therefore, the defendant's assignment of error is without merit.

*Excessive sentence*

In his final assignment of error, the defendant contends that his sentence is excessive. The defendant filed a timely motion to reconsider sentence, alleging that his sentence was "unreasonably high" and that the trial court did not refer to statements made by the defendant's family, who testified at his sentencing hearing. On appeal, the defendant argues that his sentence is excessive because he has no criminal history and that the trial court "did not give enough weight" to other mitigating factors. The defendant also suggests on appeal that the trial court penalized him during sentencing for maintaining his innocence.

La. C. Cr. P. art. 881.1(E) precludes a defendant from presenting sentencing arguments to the court of appeal which were not previously presented to the trial court. In his motion to reconsider sentence, the defendant failed to argue that the trial court did not give enough weight to certain mitigating factors and penalized him during sentencing for

10

maintaining his innocence. Therefore, we hold that the defendant waived his entitlement to review these issues. *State v. Stevens*, 33,700 (La. App. 2 Cir. 8/23/00), 766 So. 2d 634. However, we will review the defendant's sentence for constitutional excessiveness.

The Eight Amendment of the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. *State v. Sepulvado*, 367 So. 2d 762 (La. 1979). An appellate court utilizes a two-prong test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the article's guidelines. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, *supra.* The trial court is in the best position to consider a particular case's aggravating and mitigating

11

circumstances and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. West*, *supra*; *State v. Valadez*, 52,162 (La. App. 2 Cir. 8/15/18), 251 So. 3d 1273; *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. The important elements that should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, an appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Smith*, *supra*. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996).

A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the

sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. West*, *supra; State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208. The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, *supra.*

The record demonstrates that the trial court took cognizance of the sentencing factors set forth in La. C. Cr. P. art. 894.1, specifically noting that La. C. Cr. P. art. 894.1(B)(1), (B)(2), (B)(4), (B)(6), (B)(9), and (B)(11) applied in this case. The court noted that the defendant had no prior convictions but found no other mitigating factors to apply. Based on our review of the sentencing transcript, we find that the trial court adequately considered the provisions of La. C. Cr. P. art. 894.1.

After carrying the burden of keeping the secret of her rape by her uncle for a decade, K.M. attempted to take her life at the age of 16. K.M. testified that at 6 years old, she woke up to her uncle having intercourse with her, causing her vaginal pain. She testified to the defendant punching her in the face after "trying to get him off" because it "hurt really bad." She explained how she was too weak to fight back and "just allowed it to happen." She also told the jury how the defendant threatened to kill her or anyone she told about the rape. K.M. stated that this rape also caused her to have vaginal bleeding, and this was noticed by her "Nana" that same night during her bath.

Based on La. R.S. 14:27 and La. R.S. 14:42(A)(4), the range of this sentence is 10 to 50 years at hard labor without parole. The defendant

received a sentence of 50 years at hard labor without parole. We find that there was an adequate factual basis for the sentence for this crime. Recent convictions for attempted aggravated rape reveal that similarly situated defendants have received similar sentences.[1] We note that the offense of conviction does not adequately describe the defendant's egregious actions. While the defendant was convicted of attempted aggravated rape, the victim's testimony supported a conviction of aggravated rape. There was no showing that the trial court abused its discretion in sentencing this defendant. We find that the defendant's sentence does not shock the sense of justice or impose a needless infliction of pain and suffering. Therefore, the sentence is not constitutionally excessive.

## CONCLUSION

For the reasons set forth above, the conviction and sentence of the defendant are **AFFIRMED.**

---

[1] *State v. Johnston*, 50,706 (La. App. 2 Cir. 6/22/16), 198 So. 3d 151, *writ granted on other grounds*, 16-1460 (La. 6/5/17), 221 So. 3d 46 (50-year sentence for attempted aggravated rape was upheld for a defendant who had no criminal history); *State v. Boswell*, 46,181 (La. App. 2 Cir. 4/13/11), 62 So. 3d 874, *writ denied*, 11-1246 (La. 12/2/11), 76 So. 3d 1174 (defendant, 37, had no significant criminal history and pled guilty to the responsive charge of attempted aggravated rape of a minor; 48-year sentence was not excessive); *State v. Haynes*, 44,868 (La. App. 2 Cir. 12/9/09), 26 So. 3d 310 (defendant had no criminal history, and pled guilty to the responsive charge of attempted aggravated rape of a minor; 50-year sentence was not excessive); *State v. Hutson*, 34,510 (La. App. 2 Cir. 5/9/01), 786 So. 2d 226, *writ denied*, 01-1997 (La. 3/28/02), 812 So. 2d 655 (defendant, 48, had no criminal history, and pled guilty to the responsive charge of two counts of attempted aggravated rape of a minor; 50-year sentence, served concurrently, was not excessive summarize); *State v. McLelland*, 03-498 (La. App. 5 Cir. 10/15/03), 860 So. 2d 31, *writ denied*, 03-3372 (La. 3/26/04), 871 So. 2d 347 (defendant, 18, had no significant criminal history and was convicted by a jury of the responsive crime of attempted aggravated rape of a minor; 45-year sentence was not excessive).